# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-783V
Filed: January 23, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DIONNI DE LA CRUZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | Influenza ("flu") vaccine; GBS; |
| v. | * | more than two-month onset; |
| | * | petitioner moves to dismiss |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Joseph A. Vuckovich, Washington, DC, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On June 12, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that trivalent influenza ("flu") vaccine which she received on October 2, 2015[2] caused her Guillain-Barré Syndrome ("GBS"). Pet. at ¶¶ 1 and 4. In the alternative, she alleges significant aggravation. Id. at ¶ 8.

On January 23, 2018, petitioner filed a Motion for a Decision Dismissing her Petition. She states that "she will be unable to prove that she is entitled to compensation in the Vaccine

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

[2] Petitioner also alleged she received quadrivalent flu vaccine on October 20, 2015, but the medical records show she did not. Pet. at ¶ 1; Med. recs. Ex. 2, at 114, 143, 207.

Program" and that "to proceed further would be unreasonable and would waste the resources" of the court, respondent, and the Vaccine Program. Pet'r's Mot. at 1.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing her Petition and **DISMISSES** this case.

## FACTS

### Medical Records

The medical records show that petitioner's onset of GBS was more than eight weeks after her flu vaccination. The undersigned does not consider onset more than two months after flu vaccination to be compensable under either a theory of causation in fact or significant aggravation. See Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469735 (Fed. Cl. Spec. Mstr. May 31, 2011) (dismissed suit involving four-month onset of GBS after flu vaccination).

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical
> sequence of cause of and effect showing that the vaccination was
> the reason for the injury [,]" the logical sequence being supported
> by a "reputable medical or scientific explanation[,]" i.e., "evidence
> in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccine, she would not have had GBS, but also that flu vaccine was a substantial factor in causing her GBS. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations. She has not filed a medical expert

2

opinion in support of her allegations.

Petitioner moves for a decision dismissing her petition.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: January 23, 2018                                          /s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.